Judith Studer, Attorney No. 5-2174
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY  82601
Telephone (307) 235-6681
Fax (307) 234-5099
Email jstuder@schwartzbon.com
Attorneys For Defendant First Choice of the Midwest, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEVEN DUFFY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-CV-197SWS |
| ) | |
| SHEFFIELD, OLSON & MCQUEEN, ) | |
| INC., a Minnesota corporation, and ) | |
| FIRST CHOICE OF THE MIDWEST, ) | |
| INC., a South Dakota corporation, ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF DEFENDANT FIRST CHOICE OF
## THE MIDWEST, INC. TO PLAINTIFF'S COMPLAINT

**COMES NOW** defendant, First Choice of the Midwest, Inc. (hereafter First Choice), by and through its undersigned, and responds to plaintiff's Complaint as follows:

1. This defendant has insufficient information to respond to the allegations contained in Paragraph 1.

2. This defendant admits the allegations contained in Paragraph 2.

3. In responding to the allegations contained in Paragraph 3, this defendant admits that it is a South Dakota corporation domiciled in South Dakota, and has a contract with Sheffield, Olson & McQueen, Inc. of Minneapolis, Minnesota.

4. In responding to the allegations contained in Paragraph 4 and 5, this defendant asserts that plaintiff fails to state a claim against it but acknowledges that there exists diversity of citizenship, and that this defendant had a contract with Dr. Schneider.

5. This defendant has insufficient information to respond to the allegations contained in Paragraph 6. The copy of Exhibit A provided with the Complaint is incomplete.

6. In responding to the allegations contained in Paragraph 7, Exhibit A speaks for itself, and no response is required.

7. In responding to the allegations contained in Paragraph 8, the Farmers Cooperative Association Medical Coverage Plan speaks for itself.

This defendant denies that it was the medical management service provider with respect to this plaintiff.

8. With respect to the allegations contained in Paragraph 9, this defendant admits that it received claims from Dr. Schneider in 2011, applied the appropriate discounts, and passed the claim and discounted amounts onto SMOI. This defendant has insufficient information to respond to the remainder of the paragraph.

9. This defendant has insufficient information to respond to the allegations contained in Paragraphs 10 and 11.

10. This defendant denies the allegations contained in Paragraphs 12 and 13. This defendant further notes that the letter dated July 18, 2011 attached as Exhibit B makes no mention of this defendant to support the allegations contained in Paragraph 13.

11. With respect to the allegations contained in Paragraph 14, this defendant states that plaintiff accurately quoted a sentence from Exhibit A.

12. In responding to the allegations contained in Paragraph 15, this defendant denies that it remitted payments to Dr. Schneider's office. It has insufficient information to respond to the remaining allegations.

13. With respect to the allegations contained in Paragraph 16, this defendant denies that it requested reimbursement from Dr. Schneider. It is also denied that First Choice denies any responsibility for any invoices related to Dr. Schneider's surgery. This defendant has a contractual

responsibility to and did receive claims from Dr. Schneider, applied the agreed discounts, and provided this discounted information to SOMI.

14. As to the allegations contained in Paragraph 17, this defendant states that the plan should speak for itself, and thus no response is required. This defendant notes Exhibit A does not have a page 13.

15. In responding to the allegations contained in Paragraphs 18 through 25, this defendant denies that it demanded money back from Dr. Schneider. As to the remaining allegations, this defendant does not have sufficient information to respond.

16. With respect to the allegations contained in Paragraph 26, this defendant denies that it made any such representations and has insufficient information to the remaining allegations.

17. This defendant has insufficient information to respond to the allegations contained in Paragraph 27.

18. In responding to the allegations contained in Paragraph 28, this defendant incorporates its prior responses.

19. This defendant denies the allegations contained in Paragraph 29.

20. This defendant denies the allegations contained in Paragraphs 30 through 33 as made against it and has insufficient information as to the allegations concerning SOMI.

21. In responding to the allegations contained in Paragraph 34, this defendant incorporates its prior responses.

22. This defendant has insufficient information to respond to the allegations contained in Paragraphs 35, 36 and 37. This defendant notes Exhibit A does not have pages 21 or 23, and that page 24 does state that the maximum lifetime benefit under the plan is $2,000,000.

23. This defendant denies the allegations contained in Paragraph 38.

24. In responding to the allegations contained in Paragraph 39, this defendant admits that it received a claim for Dr. Schneider's services, applied the discounts, and provided SOMI with the discounted prices. It is denied that this defendant approved or paid the claim. This defendant has insufficient information regarding the remaining allegations.

25. The allegations contained in Paragraphs 40, 41, 42 and 43 are denied as to this defendant. This defendant has insufficient information regarding the allegations with respect to SOMI.

26. Unless specifically admitted herein, each and every allegation contained in plaintiff's Complaint is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. This defendant reserves the right to list additional affirmative defenses as they may become known.

**WHEREFORE,** this defendant prays that plaintiff's Complaint be dismissed against it; that the relief requested by plaintiff be denied; that

plaintiff take nothing by way of his Complaint; and that this defendant be awarded his fees and costs herein, or other remedy as the Court shall deem appropriate.

DATED this 26th day of September, 2012.

/s/ Judith Studer
Judith Studer, Attorney No. 5-2174
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center Street, Suite 500
Casper, WY  82601
Telephone (307) 235-6681
Fax (307) 234-5099

Attorneys For Defendant First Choice of the Midwest, Inc.

## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of September, 2012, the undersigned served the within and foregoing **ANSWER OF DEFENDANT FIRST CHOICE OF THE MIDWEST, INC. TO PLAINTIFF'S COMPLAINT** upon the following registered filing user(s) pursuant to CM/ECF System:

Jeffrey J. Gonda
PO Drawer 5059
Sheridan, WY  82801

/s/ Judith Studer
Judith Studer
SCHWARTZ, BON, WALKER & STUDER, LLC