JEFFREY J. GONDA
ANGELA C. LONG
LONABAUGH & RIGGS, LLP
50 East Loucks Street, Suite 110
P.O. Drawer 5059
Sheridan, WY  82801
Telephone: (307) 672-7444
Facsimile:  (307) 672-2230

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEVEN DUFFY, and NORTHERN ROCKIES NEURO-SPINE, PC, a Montana Corporation,<br><br>      Plaintiffs,<br><br>      vs.<br><br>SHEFFIELD, OLSON & MCQUEEN, INC., a Minnesota corporation, FIRST CHOICE OF THE MIDWEST, INC., a South Dakota corporation, and FARMERS COOPERATIVE ASSOCIATION OF GILLETTE WYOMING, a Wyoming nonprofit corporation,<br><br>      Defendants. | CIVIL NO. 12-CV-197-SWS |

**PLAINTIFFS' RESPONSE
IN OPPOSITION TO DEFENDANT SOMI'S MOTION TO DISMISS**

Plaintiffs Steven Duffy ("Duffy") and Northern Rockies Neuro-Spine, PC, a Montana

corporation ("NRNS"), by and through their undersigned attorneys, hereby submit the following

response in opposition to Defendant Sheffield, Olson, & McQueen, Inc.'s ("SOMI") Motion to Dismiss.

## PROCEDURAL HISTORY

SOMI filed its motion to dismiss Plaintiff Duffy's original complaint on October 2, 2012, contending that (1) it is not a proper defendant for a claim under 29 U.S.C. §1132(a)(1)(B) and (2) it does not owe any fiduciary duties to Plaintiff Duffy and, even if it did, Plaintiff Duffy cannot maintain an individual action for breach of fiduciary duty. Since that time, a First Amended Complaint was filed on October 24, 2012, pursuant to Fed. R. Civ. P. 15(a)(1)(B). The First Amended Complaint clarifies the factual allegations and claims for relief against SOMI and also adds a co-Plaintiff (NRNS), who has additional claims against SOMI. The pending claims against SOMI are now:

1. Plaintiff Duffy's claim for recovery of benefits pursuant to 29 U.S.C. §1132(a)(1)(B);
2. Plaintiff Duffy's claim for breach of fiduciary duty pursuant to 29 U.S.C. §1132(a)(3);
3. Plaintiff NRNS's claim for declaratory judgment;
4. Plaintiff NRNS's claim for promissory estoppel; and
5. Plaintiff NRNS's claim for negligent misrepresentation.

As discussed in more detail below, the factual allegations support these causes of action against SOMI and, therefore, SOMI's motion to dismiss must be denied.

## STANDARD OF REVIEW

A defendant's request for dismissal under Rule 12(b)(6) is viewed with disfavor and rarely granted. *Lone Star Industries, Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir.

1992). To decide a motion to dismiss, the court must accept all factual allegations as true and construe all reasonable inferences in favor of the plaintiff. *Kunz v. Colo. Ass'n of Soil Conservation Dists. Med. Benefits Plan*, 840 F. Supp. 811, 812 (D. Colo. 1994). The plaintiff's claims will survive unless the court finds "beyond doubt that the plaintiff can prove no set of facts in support of his claim[s] which would entitle him to relief." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991), *quoting*, *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Because a motion to dismiss is a harsh remedy, it should be "cautiously studied ... to protect the interests of justice." *Bangerter v. Orem City Corp.,* 46 F.3d 1491, 1502 (10th Cir.1995).

## FACTS

SOMI is the named Contract Administrator under Plaintiff's Employee Medical Benefit Plan (the "Plan").[1] (Plan, p. 1) As the Contract Administrator, SOMI has the "discretionary authority to interpret the terms of the Plan and to **determine eligibility and entitlement to Plan benefit**." (Plan, Amendment #4, ¶2) (emphasis added). As the Contract Administrator, SOMI evaluates and decides claims. (Plan, Amendment #4, ¶15; Am. Complaint, ¶¶2, 15). SOMI decided Plaintiff's claim in this case, and although it denied most of the invoices pertaining to Plaintiff Duffy's surgery, SOMI initially paid Plaintiff NRNS's invoice. (Am. Complaint, ¶28). SOMI is now requesting that Plaintiff NRNS reimburse it for the amounts paid. (*Id.* at ¶30).

---

[1] A true and correct copy of the Plan is attached to the First Amended Complaint, which is the same as Exhibit A to SOMI's memorandum in support of its motion to dismiss.

3

SOMI's request for reimbursement and denial of payment on Plaintiff Duffy's remaining medical bills is based on its decision that the treatment was not medically necessary. (*Id.*). The Plan Sponsor, FCA, delegated the authority to determine what is or is not medically necessary to SOMI. (Plan, Amendment #4, ¶15). Plaintiff Duffy's claims for relief against SOMI stem from its authority to decide and pay claims, as well as SOMI's status as a fiduciary. Plaintiff NRNS's claims for relief stem from SOMI's promises and representations made directly to Plaintiff NRNS prior to Plaintiff Duffy's surgery.

## ARGUMENT

SOMI contends that the complaint fails to state a claim upon which relief can be granted because: (1) SOMI is a third-party administrator that is not obligated to pay benefits under the Plan and, therefore, cannot be held responsible to pay a claim of benefits; and (2) SOMI does not owe a fiduciary duty to Plaintiff Duffy because SOMI is allegedly not a named fiduciary in the Plan nor does SOMI qualify as a fiduciary pursuant to 29 U.S.C. §§1102(a)(1), 1102(a)(2), or 1002(21). SOMI's contentions are without merit. Instead, when the allegations of the First Amended Complaint are presumed to be true, as they must at this stage of the litigation, it is clear that SOMI's motion to dismiss must be denied.

A.     **Recovery of Plan Benefits Pursuant to 29 U.S.C. §1132(a)(1)(B)**

Plaintiff Duffy's first cause of action is for a recovery of benefits pursuant to 29 U.S.C. §1132(a)(1)(B).[2]  SOMI is properly named as a defendant because it is the named Contract Administrator, who has the authority and control to decide and pay claims. (Plan, p. 10; Amendment #4, ¶15). Specifically, the Plan, explains that the Contract Administrator is the

> organization **providing administrative services** to the Employer in connection with the **operation of the Plan** and performing such other functions, including **processing and payment of claims** as may be delegated to it.

(Plan, p. 10) (emphasis added). The Plan also expressly grants the Contract Administrator "discretionary authority to **interpret the terms of the Plan** and to **determine eligibility and entitlement to Plan benefit**." (Plan, Amendment #4, ¶2) (emphasis added).

Pursuant to the First Amended Complaint, Plaintiff Duffy alleges that SOMI performed the following functions, which entitle Plaintiff Duffy to recover from SOMI:

1.     SOMI evaluated Plaintiff Duffy's claim.
2.     SOMI partially paid Plaintiff Duffy's claim.
3.     SOMI demanded repayment of the partially paid claim from Plaintiff NRNS.
4.     SOMI denied coverage for Plaintiff Duffy's surgery by misconstruing Plan terms.

---

[2] The original complaint structured this claim as one for breach of contract. Since that time, the complaint has been amended, which now requests relief pursuant to 29 U.S.C. § 1132(a)(1)(B). Nonetheless, even if the claim were incorrectly identified as a breach of contract claim, such is automatically reviewed as a claim for relief pursuant to 29 U.S.C. §1132(a)(1)(B). *See, Davis v. John Alden Life Ins. Co.*, 746 F. Supp. 44, 49 (D. Kan. 1990); *Metro. Life Ins. Co.*, 481 U.S. 58, 65–66 (1987); *LaFayette v. Cobb*, 385 F. Supp. 2d 1152, 1159 (D.N.M. 2004) (denying the defendant's motion to dismiss plaintiff's breach of contract claim and finding the claim was converted to a claim upon which relief [could] be granted under 29 U.S.C. § 1132(a)(1)(B)).

When these facts are presumed true, as they must for purposes of the pending motion to dismiss, Plaintiff's claim against SOMI for recovery of plan benefits is "'nudge[d] [ ] across the line from conceivable to plausible.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)).

Importantly, it is SOMI's role in administering the Plan that makes this case distinguishable from those cases cited by SOMI, which disallow recovery against third-party administrators on the rationale that third-party administrators do not decide claims or control payment of benefits. Specifically, SOMI contends that it cannot be held responsible for claim benefits on the grounds that it is just a "third-party administrator" like the third-party administrators in *Klover v. Antero Healthplans*, 64 F. Supp. 2d 1003, 1011 (D. Colo. 1999) (where defendants were third-party administrators hired solely to "assist in processing claims," and denied plaintiff's claim due to lack of premium payments – not due to interpretation of plan terms), and *Kunz v. Colorado Ass'n of Soil Conservation Districts Medical Benefits Plan*, 840 F.Supp. 811 (D. Colo. 1994) (where plaintiff didn't allege that defendant, a third-party administrator, had discretionary authority to interpret the plan or pay claims, or that defendant was a fiduciary). (SOMI's Memo to Supp. Mt. Dismiss, p. 9). Unlike the third-party administrators in those cases, though, the Plan at issue in this case expressly grants SOMI discretion to review claims and pay benefits. SOMI exercised the authority given to it and decided Plaintiff Duffy's claim. SOMI also controlled the payment of benefits in this case. Accordingly, a claim against SOMI for a recovery of benefits is proper and SOMI's motion to dismiss this claim must be denied.

**B.      Breach of Fiduciary Duty**

Despite SOMI's attempt to disavow its status as a fiduciary, the Plan terms identify SOMI by name as the Contract Administrator, and, importantly, identify the Contract Administrator as a fiduciary for purposes of interpreting the Plan:

> Any interpretation or determination made under discretionary authority to interpret the terms of the Plan and to determine eligibility and entitlement to Plan benefit which shall be given to the **Contract Administrator, the Plan Administrator, and other Plan fiduciaries** and individuals to whom responsibility for the administration of the Plan has been delegated, will be given full force and effect, unless it can be shown [that the] interpretation or determination was arbitrary and capricious.

(Plan, Amendment #4, p. 7, ¶2) (emphasis added). In addition, and regardless of the language contained in the Plan, an entity is a fiduciary for ERISA purposes when it exercises discretionary authority or discretionary control over the management of a plan, or has discretionary authority or responsibility in the administration of the plan. 29 U.S.C. §1002(21)(A). In this regard, the statute provides:

> Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) **he exercises any discretionary authority or discretionary control respecting management of such plan** or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has **any discretionary authority or discretionary responsibility in the administration of such plan**. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 U.S.C. §1002(21)(A) (emphasis added).

A fiduciary duty under ERISA is "not an all-or-nothing concept." *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992), cert. denied 506 U.S. 1081, 113 S.Ct. 1051, 122 L.Ed.2d 359 (1993). Rather, under 29 U.S.C. § 1002(21)(A), a court may find that an entity or person is a fiduciary with respect to a particular activity but is not a fiduciary with respect to other activities which do not bring him within the definition. *Id.* Thus, whether a person or entity is identified as a fiduciary in an insurance plan is not determinative of whether that person or entity is a "fiduciary" for ERISA purposes. For example, in *Donovan v. Mercer,* 747 F.2d 304, 308 (5th Cir.1984), the Fifth Circuit stated:

> It is clear that Congress intended the definition of 'fiduciary' under ERISA to be broadly construed. As was pointed out in the legislative history, '**the definition includes persons who have authority and responsibility with respect to the matter in question, regardless of their formal title**.'

*Donovan v. Mercer,* 747 F.2d 304, 308 (5th Cir.1984) *citing*, House Conference Rep. No. 93-1280, 93d Congress, 1974 U.S.Code Cong. and Ad.News 4639, 5038, 5103 (emphasis added).[3]

In this case, SOMI qualifies as a fiduciary for both reasons. The Plan documents identify SOMI as a fiduciary and grant SOMI the authority and responsibility to decide Plaintiff Duffy's claim, thereby elevating SOMI to the level of a fiduciary notwithstanding SOMI's formal title. Fiduciaries with discretion to determine a plan participant's eligibility for benefits must act *solely* in the interests of plan participants because "ERISA commands undivided loyalty to plan

---

[3] There, the court concluded that based on the Act's legislative history, "fiduciary" should be defined not only by reference to particular titles, "but also by considering the authority which a particular person has or exercises over an employee benefit plan." *Id.*

participants." *McGraw v. Prudential Ins. Co. of America*, 137 F.3d 1253, 1263 (10th Cir. 1998). SOMI then breached its fiduciary duties to Plaintiff Duffy by representing that Plaintiff Duffy had health insurance coverage for the surgery and, thereafter, by improperly denying his claim. In characterizing Plaintiff Duffy's claim as not medically necessary, SOMI discounted evidence of the severity of Plaintiff Duffy's condition, ignored medical opinions including that of Plaintiff Duffy's board-certified neurosurgeon, overlooked Plaintiff Duffy's medical history, and relied only on medical authorities which supported SOMI's determination. (*See,* Am. Complaint, ¶51).

As a result of SOMI"s actions, Plaintiff Duffy, as an individual, is entitled to maintain an alternative action under section 1132(a)(3) for "appropriate equitable relief" for a breach of fiduciary duty. *See, Varity Corp. v. Howe*, 516 U.S. 489, 510 (1996) (holding that subsection (3) permits individual relief for a breach of a fiduciary obligation); *Anweiler v. American Electric Power Service Corporation*, 3 F.3d 986, 993 (7th Cir. 1993) (holding that an individual may seek equitable relief from a breach of fiduciary duty under section 1132(a)(3) pursuant to the statutes plain language and ERISA's broad remedial purpose). Thus, the motion to dismiss must also be denied with respect to this claim.

**C.     Declaratory Judgment, Promissory Estoppel and Negligent Misrepresentation**

Plaintiff NRNS has asserted three claims against SOMI: (1) declaratory judgment; (2) promissory estoppel; and (3) negligent misrepresentation. Although these claims were not addressed in SOMI'S motion to dismiss because they were added in the First Amended

Complaint filed after SOMI's motion, these claims, too, are "plausible" and therefore cannot be dismissed at this stage of the litigation.

As alleged in the First Amended Complaint, SOMI assured Plaintiff NRNS that Plaintiff Duffy's surgery was covered. (Am. Complaint, ¶¶25, 59). Based on this promise and representation, Plaintiff NRNS performed Plaintiff Duffy's surgery. (*Id.* at ¶¶60, 65). Thereafter, SOMI paid Plaintiff NRNS's invoice, but has since demanded repayment claiming that the surgery was not medically necessary. (*Id.* at ¶30). Had SOMI not promised or represented that the surgery would be covered, Plaintiff NRNS could have required prepayment of the surgery or not performed the surgery, or it could have taken some other action to be sure that it would be paid for its service. As a result, Plaintiff NRNS is entitled to a declaratory judgment that retention of the payment made by SOMI is proper because of the promise and/or negligent misrepresentations made by SOMI.

SOMI may assert that Plaintiff NRNS's claims are preempted by ERISA and, therefore, are subject to dismissal. However, the Tenth Circuit has previously addressed this issue and determined that where a third-party health care provider brings a claim on its own behalf for promissory estoppel (and negligent misrepresentation), the claim is not subject to ERISA's preemption. *See, e.g., Hospice of Metro Denver, Inc. v. Group Health Ins., Inc.*, 944 F.2d 752, 753 (10th Cir. 1991) (holding that ERISA does not preempt a health care provider's promissory estoppel claim asserted on its own behalf). *See, also, Denver Health and Hospital Authority v. Beverage Distributors Company, LLC, et al*, 843 F.Supp.2d 1171, 1183 (D.Colo. 2012) (holding

that a claim for negligent misrepresentation brought by a third-party health services provider is not preempted by ERISA). Accordingly, the claims asserted by Plaintiff NRNS should be permitted to proceed to a trial on the merits.

## CONCLUSION

For the foregoing reasons, Plaintiffs' First Amended Complaint has alleged sufficient facts to support their claims for relief against SOMI. Accordingly, SOMI's motion to dismiss the Plaintiffs' claims must be denied.

**RESPECTFULLY SUBMITTED** this 30th day of October, 2012.

**LONABAUGH AND RIGGS, LLP**

/s/ Angela C. Long
Jeffrey J. Gonda
Angela C. Long
P.O. Drawer 5059
Sheridan, WY  82801
(307) 672-7444
(307) 672-2230 Fax
*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2012, I served a true and correct copy of the foregoing by DM-ECF addressed to the following:

Bradley T. Cave, P.C.
Joanna R. Vilos
Holland & Hart, LLP
P.O. Box 1347
Cheyenne, WY 82003-1347
bcave@hollandhart.com
jvilos@hollandhart.com

Judith Studer
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Ste 500
Casper, WY  82601


   /s/ Angela C. Long