Bradley T. Cave, P.C.
Joanna R. Vilos
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
Facsimile: (307) 778-8175
bcave@hollandhart.com
jvilos@hollandhart.com

ATTORNEYS FOR DEFENDANT
SHEFFIELD, OLSON & MCQUEEN, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| STEVEN DUFFY and NORTHERN ROCKIES NEURO-SPINE, PC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 12-CV-197-SWS ) |
| SHEFFIELD, OLSON & McQUEEN, INC., FIRST CHOICE OF THE MIDWEST, INC., and FARMERS COOPERATIVE ASSOCIATION OF GILLETTE, WYOMING, | ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT SHEFFIELD, OLSON & MCQUEEN, INC.'S**
**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**

Defendant Sheffield, Olson & McQueen, Inc. ("SOMI") answers the First Amended Complaint ("Complaint") of Plaintiffs Steven Duffy ("Duffy") and Northern Rockies Neuro-Spine, PC ("NRNS"), as follows.

**PARTIES TO THE ACTION**

1.     SOMI admits that Duffy was a member of the Medical Benefit Plan of Farmers Cooperative Association (the "Plan") and admits that Exhibit A to the First Amended Complaint is a true and correct copy of the Plan document. SOMI denies that the Plan provides "health insurance coverage" and affirmatively states that the Plan is a self-insured employee welfare benefit plan. SOMI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

2.     SOMI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3.     SOMI admits that it is a Minnesota corporation with its principal place of business in Minnesota, and that it conducts business in the state of Wyoming. SOMI admits that it was the "Contract Administrator" and "Medical Management Services Program" under the Plan at all times relevant to the Complaint. SOMI denies all remaining allegations in this paragraph.

4.     SOMI denies that First Choice performs some of the functions of the Medical Management Services Provider as described in the Plan and denies that First Choice is involved in the administration of the Plan. SOMI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

5.     SOMI admits that, at all relevant times, FCA provided a self-funded medical benefit plan to Duffy and was the Plan Sponsor and Plan Administrator. SOMI lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

6.     SOMI admits the allegations in this paragraph.

7.     SOMI admits that venue is proper in this Court, admits that the Plan was administered, in part in this district, and admits that SOMI does business in this district.

8.     SOMI admits the allegations of this paragraph.

## STATEMENT OF FACTS

9.     SOMI admits that the Plan is a self-funded medical benefit plan provided and managed by FCA and that the Plan is governed by the terms and provisions of the Employee Retirement Income Security Act of 1974 (ERISA). SOMI admits that Duffy was a member of the Plan at all times relevant to the Complaint. SOMI denies the remaining allegations in this paragraph.

10.    SOMI admits that it administers claims under the Plan, and that it is a party to a Contract Administrative Service Agreement between it and FCA. SOMI denies the remaining allegations of this paragraph.

11.    SOMI admits that FCA retained sole discretion to construe the Plan's terms and conditions.

12.    SOMI admits that FCA was responsible for financing and administering the plan.

13.    SOMI admits that FCA retained authority to determine eligibility of benefits and decide claims and appeals.

14. SOMI admits that it had delegated authority to decide claims based on the Plan's terms and conditions. SOMI denies the remaining allegations of paragraph 14.

15. SOMI admits that it had delegated authority to decide claims based on the Plan's terms and conditions. SOMI denies the remaining allegations of paragraph 15.

16. SOMI admits that the language quoted in this paragraph appears in the Plan. SOMI denies the remaining allegations of paragraph 16.

17. SOMI admits that Duffy underwent surgery on or around May 9, 2011, and that Dr. John Schneider of NRNS performed the surgery. SOMI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies the remaining allegations.

18. SOMI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations.

19. SOMI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations.

20. SOMI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations.

21. SOMI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations.

22. SOMI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations.

23.     SOMI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations.

24.     SOMI's telephone number is one of the telephone numbers that appears on the reverse side of the Medical Plan Member Identification Card. SOMI is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 24, and denies those allegations.

25.     SOMI denies the allegations in this paragraph.

26.     SOMI denies the allegations in this paragraph.

27.     SOMI denies the allegations in this paragraph.

28.     SOMI admits that it paid claims submitted by NRNS for $39,717.92 and it did not pay all invoices it received relating to Duffy's surgery. SOMI lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning First Choice. SOMI denies all remaining allegations in this paragraph.

29.     SOMI lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the allegations.

30.     SOMI admits that it has requested that the amounts previously paid to NRNS be refunded and admits that Duffy's surgery was not medically necessary. SOMI denies all remaining allegations in this paragraph.

31.     SOMI lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Duffy's current condition. SOMI denies all remaining allegations of this paragraph.

32. SOMI denies the allegations in this paragraph.

**PLAINTIFF DUFFY'S FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

33. SOMI incorporates herein by reference its answers to paragraphs 1 through 32 above, as if fully set forth herein.

34. SOMI admits that Duffy was a member of the Plan at all times relevant to the Complaint and denies all remaining allegations of this paragraph.

35. SOMI denies the allegations in this paragraph.

36. SOMI denies the allegations in this paragraph.

37. SOMI denies the allegations in this paragraph.

38. SOMI admits that it paid claims totaling $39,717.92 relating to Duffy's surgery and that it has requested that that a refund of that amount. SOMI denies all remaining allegations in this paragraph.

39. SOMI denies the allegations in this paragraph.

40. SOMI denies the allegations in this paragraph.

41. SOMI denies the allegations in this paragraph.

42. SOMI denies the allegations in this paragraph.

43. SOMI denies the allegations in this paragraph.

44. SOMI denies the allegations in this paragraph.

45. SOMI lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Duffy's financial condition. SOMI denies all remaining allegations in this paragraph.

46. SOMI denies the allegations in this paragraph.

**PLAINTIFF DUFFY'S SECOND CLAIM FOR RELIEF AGAINST DEFENDANT SOMI AND FCA**

47. SOMI incorporates herein by reference its answers to paragraphs 1 through 46 above, as if fully set forth herein.

48. SOMI denies the allegations in this paragraph.

49. SOMI denies the allegations in this paragraph.

50. SOMI denies the allegations in this paragraph.

51. SOMI denies the allegations in this paragraph.

52. SOMI denies the allegations in this paragraph.

**PLAINTIFF NRNS' FIRST CLAIM FOR DECLARATORY RELIEF AGAINST ALL DEFENDANTS**

53. SOMI incorporates herein by reference its answers to paragraphs 1 through 52 above, as if fully set forth herein.

54. SOMI admits that NRNS appears to be seeking a declaratory judgment, but denies that NRNS is entitled to any such relief and denies the remaining allegations in this paragraph.

55. SOMI admits that it is entitled to repayment because the surgery was not medically necessary.

56. SOMI lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff NRNS's disputes.

57. SOMI denies the allegations in this paragraph.

### PLAINTIFF NRNS'S SECOND CLAIM FOR DECLARATORY RELIEF
### AGAINST ALL DEFENDANTS

58. SOMI incorporates herein by reference its answers to paragraphs 1 through 57 above, as if fully set forth herein.

59. SOMI denies the allegations in this paragraph.

60. SOMI denies the allegations in this paragraph.

61. SOMI denies the allegations in this paragraph.

### PLAINTIFF NRNS'S THIRD CLAIM FOR DECLARATORY RELIEF
### AGAINST ALL DEFENDANTS

62. SOMI incorporates herein by reference its answers to paragraphs 1 through 61 above, as if fully set forth herein.

63. SOMI denies the allegations in this paragraph.

64. SOMI denies the allegations in this paragraph.

65. SOMI denies the allegations in this paragraph.

### GENERAL DENIAL

SOMI denies each allegation not specifically admitted herein, including Plaintiffs' requested relief, and reserves the right to amend this answer based on further investigation and discovery.

### GENERAL DENIAL REGARDING ALLEGATIONS OF PLAN TERMS

SOMI affirmatively states that the Plan document speaks for itself and must be construed according to its terms. SOMI generally denies that Plaintiffs' allegations relating to or attempting to quote terms of the Plan are a complete or accurate statement of the terms of the Plan.

## AFFIRMATIVE DEFENSES

Defendant alleges and asserts the following defenses in response to the allegations. In addition to the affirmative defenses described below, Defendant specifically reserves all rights to allege additional affirmative defenses that become known throughout the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff Duffy's amended complaint fails to state a claim upon which relief can be granted based on ERISA and the Plan.

### SECOND AFFIRMATIVE DEFENSE

SOMI acted reasonably and not arbitrarily or capriciously with respect to the consideration of Plaintiff Duffy's claim for benefits under the Plan.

### THIRD AFFIRMATIVE DEFENSE

Substantial evidence supported SOMI's recommendation concerning Plaintiff Duffy's claim for benefits under the Plan.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff Duffy's claims against SOMI are barred by failure or failures of conditions precedent under the terms of the Plan.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff Duffy's claims against SOMI are barred because SOMI is a third party administrator of the Plan, or his recovery, if any, on those claims, is reduced by the terms of the Plan.

### SIXTH AFFIRMATIVE DEFENSE

Although SOMI denies any liability to Plaintiffs, any benefits awarded under the Plan are subject to integration, offsets, and deductions as set forth under the terms of the Plan.

### SEVENTH AFFIRMATIVE DEFENSE

Although SOMI denies any liability to Plaintiffs, ERISA provides only for an award of benefits due under an employee benefits plan and for no other type of damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff NRNS' conduct bars, estops and/or constitutes a waiver of the claim asserted in the complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part; to the extent that Plaintiffs have failed to perform all of their obligations under the Plan.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state facts sufficient to entitle Plaintiffs to an award of attorneys' fees under ERISA.

### ELEVENTH AFFIRMATIVE DEFENSE

The denial was not arbitrary or capricious or an abuse of discretion.

### TWELFTH AFFIRMATIVE DEFENSE

The scope of review is limited to the administrative record and no evidence outside that record is admissible.

### THIRTEENTH AFFIRMATIVE DEFENSE

NRNS' claims are barred by its comparative fault, unclean hands and unreasonable actions and reliance, including reliance on any alleged statement contrary to the Plan document.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statute of frauds.

## COUNTERCLAIMS AGAINST NRNS

Sheffield, Olson & McQueen, Inc. ("SOMI") asserts the following counterclaims against Counterclaim Defendant Northern Rockies Neuro-Spine, PC ("NRNS"):

### PARTIES

1. SOMI is a Minnesota Corporation domiciled in Minnesota and conducting business in the state of Wyoming.

2. Counterclaim Defendant NRNS is a Montana Corporation, which conducts business in Montana and Wyoming. Dr. Schneider of NRNS performed Plaintiff Duffy's surgery.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. § 1367 because they arise out of the same transaction or occurrence that is the subject matter of Plaintiff NRNS's claims in the Complaint and are so related to the original claims in the action within such original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District under 28 U.S.C. § 1132 (e)(2) because the transaction at issue took place in this district and because the Counterclaim Defendant NRNS does business in this district.

### FIRST COUNTERCLAIM FOR
### DECLARATORY RELIEF FOR RECOUPMENT OF OVERPAYMENT

5. SOMI incorporates paragraphs 1 through 4 above.

6. On May 9, 2011, NRNS's Dr. Schneider performed back surgery on Plaintiff Duffy.

7. On May 19, 2011, SOMI received the following claims from NRNS's Dr. Schneider regarding the May 9, 2011 surgery: #110360006-01 for $17, 949.00, #11037676-01 for $6,034.00, and #11037675-01 for $24,591.00.

8. On May 26, 2011, SOMI paid the following claims to NRNS: #110360006-01 for $15,795.12, #11037676-01 for $4805.68, #11037675-01 for $19,117.12; for a total payment of $39,717.92.

9. On June 28, 2011, Bardon Insurance Group, Inc. reviewed the claims and determined the May 9, 2011 procedure was not medically necessary.

10. On June 29, 2011, SOMI issued a letter to Dr. Schneider of NRNS that stated SOMI obtained and reviewed additional medical records and that Bardon Insurance Group, denied the claim as not medically indicated. The letter requested additional information from Dr. Schneider regarding the medical necessity of the surgery to allow SOMI to appeal Bardon Group's decision.

11. NRNS refused to provide further medical records to verify the medical necessity of the surgery.

12. At SOMI's request, Bardon sent the May 9, 2011 surgery records to Medical Review Institute of America (MRI) to determine if the surgery was medically necessary. MRI also determined that the surgery was not medically indicated.

13. After Bardon and MRI's conclusions that the surgery was not medically indicated, on September 28, 2011, SOMI sent overpayment letters to Dr. Schneider requesting a refund of $39, 717.92.

14. On February 22, 2012, NRNS sent a letter to SOMI asking SOMI to reprocess Plaintiff Duffy's claims.

15. In response to NRNS's request to reprocess Plaintiff Duffy's claims, SOMI requested another outside review of Plaintiff Duffy's file. On March 13, 2012, after reviewing the file MRI again determined that the surgery was not medically necessary.

16. On March 22, 2012, SOMI sent a letter to NRNS stating that the services provided were determined to be not medically necessary and the services were not covered under the Plan.

17. On May 17, 2012, Plaintiff Duffy appealed SOMI's decision to deny benefits.

18. In response to Plaintiff's Duffy's appeal, SOMI requested another outside review of Plaintiff Duffy's file. On May 24, 2012, after reviewing the file MRI again determined that the surgery was not medically necessary.

19. On June 13, 2012, SOMI sent Plaintiff Duffy a letter stating that SOMI had reviewed his appeal and has upheld the original claim determination that the services were not medically necessary and were not be covered under the Plan.

20. NRNS has failed and refused to refund the amounts paid for Duffy's surgery.

### SECOND COUNTERCLAIM FOR UNJUST ENRICHMENT AND MONEY HAD AND RECEIVED

21. SOMI incorporates paragraphs 1 through 20 above.

22. NRNS knew, at all times, that any obligation of the Plan to make payment for Duffy's claims was subject to the terms of the Plan.

23. NRNS received the payment of $39,717.92 despite the fact that it was not entitled to the payment under the terms of the Plan.

24. NRNS should not be permitted, in equity and good conscience, to retain the amounts paid.

### RELIEF SOUGHT

WHEREFORE, Counterclaimant respectfully requests that this Court enter judgment in its favor and grant a declaratory judgment in favor of SOMI ordering NRNS to pay SOMI the overpayment of $39,717.92.

DATED:  November 13, 2012.

/s/ Bradley T. Cave
Bradley T. Cave, P.C.
Joanna R. Vilos
Holland & Hart LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175
bcave@hollandhart.com
jvilos@hollandhart.com

ATTORNEYS FOR DEFENDANT SHEFFIELD, OLSON & McQUEEN, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2012, I served a true and correct copy of the foregoing by CM-ECF addressed to the following:

>Jeffrey J. Gonda
>Angela C. Long
>Lonabaugh & Riggs, LLP
>50 E. Loucks Street, Ste. 110
>P.O. Drawer 5059
>Sheridan, WY 82801
>jeff@lonabaugh.com
>angie@lonabaugh.com
>
>Judith Studer
>Schwartz, Bon, Walker & Studer, LLC
>141 S. Center Street, Suite 500
>Casper, WY 82601
>jstuder@schwartzbon.com
>
>James L. Edwards
>Paul S. Phillips
>P. O. Box 1148
>Gillette, WY 82717
>jim@vcn.com
>paul.phillips@vcn.com

/s/ Bradley T. Cave

5836367_1.DOCX