Bradley T. Cave, P.C.
Joanna R. Vilos
HOLLAND & HART LLP
P.O. Box 1347
Cheyenne, WY  82003-1347
Telephone:  (307) 778-4200
Facsimile:  (307) 778-8175

ATTORNEYS FOR DEFENDANT
SHEFFIELD, OLSON & MCQUEEN, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STEVEN DUFFY and NORTHERN ROCKIES NEURO-SPINE, PC, a Montana corporation, </br></br>  Plaintiffs, </br></br> v. </br></br> SHEFFIELD, OLSON & McQUEEN, INC., a Minnesota corporation; FIRST CHOICE OF THE MIDWEST, INC., a South Dakota corporation; and FARMERS COOPERATIVE ASSOCIATION OF GILLETTE, WY, a Wyoming nonprofit corporation, </br></br>  Defendants. </br></br> FARMERS COOPERATIVE ASSOCIATION OF GILLETTE, WYOMING, a Wyoming nonprofit corporation, </br></br>  Third-Party Plaintiff, </br></br> v. </br></br> BARDON INSURANCE GROUP, INC., an Arizona corporation; and AMERICAN NATIONAL INSURANCE COMPANY, </br></br>  Third-Party Defendants. | Civil Action No. 12-CV-197-SWS </br></br> **DEFENDANT SOMI'S RESPONSE TO PLAINTIFF DUFFY'S OBJECTION TO COMPLETENESS OF ADMINISTRATIVE RECORD AND MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND ALTERNATIVE REQUEST FOR LEAVE TO CONDUCT DISCOVERY ON COMPLETENESS OF ADMINISTRATIVE RECORD** |

Defendant Sheffield, Olson & McQueen, Inc. (SOMI), by and through undersigned counsel, responds as follows to Plaintiff Duffy's Objection to Completeness of Administrative Record and Motion to Supplement Administrative Record and Alternative Request for Leave to Conduct Discovery on Completeness of Administrative Record:

1. In response to Plaintiff's request for the inclusion of additional explanation of benefits records, SOMI has no objection and has supplemented the administrative record to include the following:

- Explanation of benefits records, identified as SOM 000413-444 SD (corresponding to Duffy-0015-46).

Additionally, SOMI has supplemented the administrative record with the corresponding monthly explanation of benefits statements:

- Claim number 12006769-01, identified as SOM 000294 SD (Duffy-0025);
- Claim numbers 12014758-01 & 12014047-01, identified as SOM 000296 SD (Duffy-0015-16);
- Claim numbers 11075521-03, 12006769-01, 12009483-01/02, 12011804-01/02, 12011805-01/02, 12011808-01/02, & 12011809-01/02, identified as SOM 000297-298 SD (Duffy-0017-21, 23, & 25);
- Claim number 11075521-02, identified as SOM 000299-300 SD (Duffy-0022);

- Claim numbers 11049498-07, 11049498-08, 11049498-09, 11049498-11, 11049498-13, 11049498-14, 11049498-15, 11049498-16, 11049498-17, & 11055957-01, identified as SOM 000301-303 SD (Duffy-0027-31, 33-37);

- Claim numbers 11045577-01, 11047198-01, 11049498-01, 11049498-02, 11049498-03, 11049498-04, 11049498-06, identified as SOM 000304-305 SD (Duffy-0038-43, 46);

- Claim numbers 11035107-01, & 11035163-01, identified as SOM 000306-307 SD (Duffy-0044-45); and

- Claim numbers 11056467-04 & 12001734-01, identified as SOM 000313-314 SD (Duffy-0024, 32).

2. In response to Plaintiff's request for the inclusion of SOMI's demand letters to Plaintiff NRNS, SOMI has no objection and has supplemented the administrative record to include those letters:

- SOM 000389-398B SD.

3. In response to Plaintiff's request for the inclusion of SOMI's communications with MRIoA, SOMI has supplemented the administrative record with the following SOMI online submittal forms from SOMI to MRIoA:

- SOM 000399-402 SD

4. In response to Plaintiff's request for SOMI's communications with Bardon Insurance Group, SOMI previously provided all communications to and from Bardon Insurance Group relevant to the determination of coverage.

5. In response to Plaintiff's request for the inclusion of his insurance card, SOMI has supplemented the administrative record with the following copy of Plaintiff Duffy's Insurance Card:

- Identified as SOM 000455 SD.

6. Finally, with regard to the radiology reports identified as Duffy-0053 through Duffy-0059 and the physical therapy progress notes identified as Duffy-0060 through Duffy 0062, SOMI has no record of receiving these documents at the time it made its coverage determination, and these documents are not listed in the "documents reviewed" section of the third party reviewers' reports. When reviewing an administrator's decision, "the federal courts are limited to the administrative record." *See Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157 (10th Cir. 2010). The administrative record consists of the materials that were before the claim administrator at the time of the claim determinations at issue. *Woolsey v. Marion Laboratories*, 934 F.2d 1452, 1460 (10th Cir.1991). Because these records were not before SOMI when SOMI made its determination, the records are not properly part of the administrative record and should not be included as a supplement to the administrative record. *Sandoval v. Aetna Life & Casualty Ins Co.*, 967 F.2d 377, 381 (10th Cir.1992) ("If a plan


participant fails to bring evidence to the attention of the administrator, the participant cannot complain of the administrator's failure to consider this evidence.").

7. Plaintiff has asked the Court to permit limited discovery in the event SOMI is unwilling to supplement the administrative record according to Plaintiff's requests. As SOMI has largely agreed to Plaintiff's requests for supplementation, SOMI is unsure whether Plaintiff persists in his request for limited discovery. However, to the extent Plaintiff continues to seek discovery, such a request is not appropriate in this case. In *Murphy*, the Tenth Circuit recognized a narrow exception to the ERISA no-discovery rule in cases where there is a conflict of interest. 619 F.3d at 1163. But such a conflict of interest is not alleged in this case, and the Tenth Circuit has not expanded the availability of discovery to the circumstances identified in Plaintiff's motion. At most, Plaintiff's motion simply asserts there are medical records in Plaintiff's possession that are not contained in the administrative record. Plaintiff does not present any evidence, however, suggesting these documents were supplied to SOMI. Thus, there is no basis to question the completeness of SOMI's records and Plaintiff has not demonstrated any justification for limited discovery.

Accordingly, Defendant Sheffield, Olson & McQueen, Inc. respectfully requests that the Court deny Plaintiff Steven Duffy's motion for discovery as to the completeness of the administrative record.

DATED: January 31, 2013.

          <u>/s/ Joanna R. Vilos</u>
          Bradley T. Cave, P.C.
          Joanna R. Vilos
          Holland & Hart LLP
          2515 Warren Avenue, Suite 450
          P.O. Box 1347
          Cheyenne, WY 82003-1347
          Telephone: (307) 778-4200
          Facsimile: (307) 778-8175
          bcave@hollandhart.com
          jvilos@hollandhart.com

          ATTORNEYS FOR DEFENDANT SHEFFIELD, OLSON & McQUEEN, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2013, I served a true and correct copy of the foregoing by CM-ECF addressed to the following:

>Jeffrey J. Gonda
>Angela C. Long
>Lonabaugh & Riggs, LLP
>50 E. Loucks Street, Ste. 110
>P.O. Drawer 5059
>Sheridan, WY 82801
>jeff@lonabaugh.com
>angie@lonabaugh.com
>
>James L. Edwards
>Paul S. Phillips
>P. O. Box 1148
>Gillette, WY 82717
>jim@vcn.com
>paul.phillips@vcn.com
>
>James C. Worthen
>Andrew F. Sears
>Murane & Bostwick, LLC
>201 N. Wolcott
>Casper, WY  82601
>jcw@murane.com
>afs@murane.com

/s/ Joanna R. Vilos

5975602_1.DOCX